IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LEONARD MARCUS H.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | **Civil No. TMD 19-3465** |
| v. | * | |
| | * | |
| | * | |
| **ANDREW M. SAUL,** | * | |
| **Commissioner of Social Security,** | * | |
| | * | |
| Defendant. | * | |
| | ************ | |

**MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Leonard H. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his applications for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act.  Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 14), Defendant's Motion for Summary Judgment (ECF No. 15), and "Plaintiff's Reply to Defendant's Motion for Summary Judgment" (ECF No. 16).[1]  Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled.  No hearing is necessary.  L.R. 105.6.  For the reasons that follow, Defendant's Motion for Summary Judgment (ECF No. 15) is **GRANTED**,

---

[1] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002).  For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

I

**Background**

On March 28, 2019, Administrative Law Judge ("ALJ") L. Raquel Bailey Smith held a hearing where Plaintiff, a witness, and a vocational expert ("VE") testified. R. at 36-61. The ALJ thereafter found on April 23, 2019, that Plaintiff was not disabled from his alleged onset date of disability of July 5, 2016, through the date of the ALJ's decision. R. at 18-35. In so finding, the ALJ found that Plaintiff had engaged in substantial, gainful activity ("SGA") from July 5, 2016, through October 19, 2017, but that there was a continuous twelve-month period during which he did not engage in SGA. R. at 23-24. The ALJ found that during this period Plaintiff had severe impairments. R. at 24. He did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. R. at 24-25.

> The ALJ then found that Plaintiff had the residual functional capacity ("RFC")
>
> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). [Plaintiff] is able to occasionally balance, stoop, kneel, crouch, and climb ramps and stairs and never crawl or climb ladders, ropes, or scaffolds. They can have no more than occasional exposure to vibration, fumes, odors, dusts, gases, poor ventilation, and hazards. [Plaintiff] must be allowed to stand and stretch for a minute or two every thirty minutes to an hour while remaining on task; could frequently handle and finger bilaterally; and must be allowed to use a cane to ambulate as needed.

R. at 25.[2] In light of this RFC and the VE's testimony, the ALJ found that, although he could not perform his past relevant work as a carpet cleaner, Plaintiff could perform other work in the

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. §§ 404.1567(a),

2

national economy, such as a document preparer, lens inserter, or order clerk. R. at 28-30. The ALJ thus found that Plaintiff was not disabled from July 5, 2016, through April 23, 2019. R. at 30.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on December 4, 2019, a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

### Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the

---

416.967(a). "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.*

3

regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant

5

numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to

differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

## Discussion

Plaintiff contends that substantial evidence does not support the ALJ's decision because she failed to consider his back and knee impairments at every step of the sequential evaluation process.  Pl.'s Mem. Supp. Mot. Summ. J. 9-12, ECF No. 14-1.  He also argues that substantial evidence does not support the ALJ's RFC assessment because she failed to consider the opinion of his primary care physician, Rameet Thapa, M.D., in accordance with the proper legal standards.  *Id.* at 12-16.  Plaintiff finally asserts that the ALJ erred by failing to consider whether his work activity from July 5, 2016, through October 19, 2017, was accommodated work and thus not considered SGA.  *Id.* at 16-18.  For the following reasons, Plaintiff's contentions are unavailing.

Turning first to Plaintiff's argument regarding the ALJ's step-one determination, Plaintiff maintains that "there is significant evidence in the record to show that [his] work activity during the relevant time period was accommodated work, and therefore is not SGA."  *Id.* at 16. "However, even assuming *arguendo* that Plaintiff did not engage in SGA, the ALJ performed the rest of the five step analysis and determined that Plaintiff had an RFC for sedentary work with limitations . . . ."  *Warner v. Berryhill*, No. 2:17CV36, 2018 WL 1004765, at *7 (E.D. Va. Jan. 24, 2018), *report and recommendation adopted*, No. 2:17CV36, 2018 WL 1004741 (E.D. Va. Feb. 20, 2018).  The Court thus turns to the ALJ's analysis at subsequent steps of the sequential evaluation process.  *See id.*

In this regard, Plaintiff argues that the ALJ erred in failing to consider his back and knee impairments at every step of the sequential evaluation process, including step two. Pl.'s Mem. Supp. Mot. Summ. J. 9-12, ECF No. 14-1. He, however,

> misunderstands the purpose of step two in the analysis. Step two is merely a threshold determination meant to screen out weak claims. It is not meant to identify the impairments that should be taken into account when determining the RFC. In fact, "[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" The RFC therefore *should* be exactly the same regardless of whether certain impairments are considered "severe" or not.

*Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) (alteration in original) (citations omitted). "Moreover, step two was decided in [Plaintiff's] favor . . . . He could not possibly have been prejudiced. Any alleged error is therefore harmless and cannot be the basis for a remand." *Id.* at 1049 (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)); *accord Smith v. Colvin*, 821 F.3d 1264, 1266-67 (10th Cir. 2016); *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014) (per curiam); *Tegra C. v. Comm'r, Soc. Sec. Admin.*, Civil Action No. ADC-19-667, 2019 WL 6733114, at *5 (D. Md. Dec. 10, 2019). Further, the ALJ accounted for these impairments in the RFC assessment by including a sit-stand option and the use of a cane for ambulation. R. at 25, 27, 57. In any event, even if Plaintiff were correct that the ALJ did not consider his back and knee impairments, he "has failed to point to *any* specific piece of evidence not considered by the Commissioner that might have changed the outcome of his disability claim." *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014). Plaintiff's contention that the ALJ erred by failing to determine that his back and knee impairments were severe impairments and by failing to consider these impairments at other steps of the sequential evaluation process is thus without merit.

Plaintiff finally maintains that the ALJ failed to consider Dr. Thapa's opinion in accordance with the proper legal standards. Pl.'s Mem. Supp. Mot. Summ. J. 12-16, ECF No. 14-1. On March 8, 2018, Dr. Thapa opined about Plaintiff's physical RFC on a "Physical Assessment" form provided by Plaintiff's attorney. R. at 375-78. Dr. Thapa opined that Plaintiff's symptoms were severe enough to interfere constantly with the attention and concentration required to perform simple, work-related tasks. R. at 377. According to Dr. Thapa, Plaintiff would need to recline or lie down during an eight-hour workday in excess of the typical breaks. R. at 377. Plaintiff was unable to bend, kneel, or lie down. R. at 377. Plaintiff could only walk less than one city block without rest or significant pain. R. at 377. Dr. Thapa further opined that Plaintiff could sit for one hour but not stand/walk at all in an eight-hour workday. R. at 377. Plaintiff would need to take unscheduled fifteen- to thirty-minute breaks during an eight-hour workday. R. at 377. Plaintiff could never lift less than ten pounds. R. at 377. Dr. Thapa opined that Plaintiff could use each of his hands to grasp, turn, and twist objects for 25% of an eight-hour workday. R. at 377. He could neither perform fine manipulation with his fingers nor reach with his arms, however. R. at 377. Dr. Thapa finally opined that Plaintiff likely would be absent from work more than four times per month as a result of his impairments or treatment. R. at 378. On June 22, 2018, Dr. Thapa provided a letter opinion again expressing the opinion that Plaintiff was unable to kneel, bend, or lie down, which prevented him from performing his past employment; a written statement from Plaintiff's previous employer was attached. R. at 380-81.

Plaintiff argues that the ALJ failed to consider Dr. Thapa's opinion according to 20 C.F.R. §§ 404.1520c(c)(1)-(5) and 416.920c(c)(1)-(5). Pl.'s Mem. Supp. Mot. Summ. J. 13, ECF No. 14-1. For claims filed on or after March 27, 2017 (such as Plaintiff's), the Commissioner

does not give any specific evidentiary weight, including controlling weight, to any medical opinion. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, the Commissioner considers medical opinions using five factors: (1) supportability; (2) consistency; (3) the medical source's relationship with the claimant; (4) the medical source's specialization; and (5) other factors, such as the medical source's familiarity with the other evidence in the claim or understanding of the disability program's policies and evidentiary requirements. *Id.* §§ 404.1520c(c), 416.920c(c). The first two factors, supportability and consistency, are the most important in determining the persuasiveness of a medical source's opinion, and the Commissioner is not required to explain the consideration of the other three factors. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

Here, the ALJ properly found Dr. Thapa's opinion not persuasive because Dr. Thapa did not cite specific evidence (R. at 28). *See Barbare v. Saul*, 816 F. App'x 828, 833 (4th Cir. 2020); *Craig*, 76 F.3d at 590. The ALJ also found that Dr. Thapa's opinion was not persuasive because it was inconsistent with the record, particularly the findings of the consultative examiner, Brett Martin, M.D., who examined Plaintiff on November 18, 2017, and found that he ambulated without difficulty and without an assistive device and his gait was normal. R. at 360. Straight-leg raising tests in the siting and supine positions were negative. R. at 361. Plaintiff had difficulty bending over and touching his toes. R. at 361. Dr. Martin also noted that Plaintiff had normal grip strength in both hands. R. at 361. Plaintiff also had normal fine and gross manipulative skills in both hands. R. at 361. Plaintiff's motor strength was normal in all extremities, as well as his range of motion. R. at 362. Dr. Martin did note, however, that Plaintiff's diabetic neuropathy resulted in difficulty standing and walking for prolonged periods. R. at 362. Dr. Martin ultimately opined that Plaintiff

> has limitation in standing and is able to stand occasionally in an 8 hour work day. [Plaintiff] has limitation in sitting and is able to sit frequently in an 8 hour work

> day. [Plaintiff] has limitation in walking and is able to walk occasionally in an 8 hour work day. [Plaintiff] has a limited ability to bend or stoop[.] [Plaintiff] can only lift and carry 20 lbs on an occasional basis on the left side. [Plaintiff] can only lift and carry 20 lbs on an occasional basis on the right side.

R. at 362. Thus, in finding that Dr. Thapa's opinion was not persuasive, the ALJ considered its supportability and consistency with the evidence of record. R. at 28. Again, the Court does not reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Hancock*, 667 F.3d at 472. When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the Court defers to the ALJ's decision. *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020). Because substantial evidence in the record supports the ALJ's decision, the Court affirms the Commissioner's final decision.

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards here. Thus, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

## V

### Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 15) is **GRANTED**. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**. The Commissioner's final decision is **AFFIRMED**. A separate order will issue.

Date: March 22, 2021 /s/
Thomas M. DiGirolamo
United States Magistrate Judge